ISMERT-HINCKE MILLING COMPANY *v.* BURKHART.

[No. 12,012.    Filed January 28, 1925.]

1. CONTRACTS.—*A valid contract can be made by correspondence by mail or telegrams.*—A valid contract can be made by correspondence, whether by mail or telegraph, provided such correspondence contains a specific offer which is unconditionally, accepted.    p. 415.

2. SALES.—*Contract by telegraph invalid for want of acceptance of proposition.*—Where a telegraphic order for a specified number of barrels of flour of named brands was sent to a milling company, which answered by telegram that order was entered, but also stating the price, containers and time of delivery, there was no contract because there was no final acceptance. p. 415.

From Miami Circuit Court; *Albert Ward,* Judge.

Action by the Ismert-Hincke Milling Company against Harry Burkhart. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Harry K. Cuthbertson,* for appellant.

*O. F. Rhodes,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover damages on account of an alleged breach of a certain written contract entered into between appellant and appellee, appellant having alleged that it suffered damages in the sum of $1,190 by reason of the breach.

There was a trial which resulted in a finding and judgment for appellee. The only error assigned is the action of the court in overruling appellant's motion for a new trial which presents the sufficiency of the evidence to sustain the decision of the court. The written contract sued on consisted of two telegrams, one alleged to have been sent by appellee to appellant, in words as follows: "Ismert-Hincke Milling Company, Kansas City, Mo., Book 350 barrels of flour, half I. H. and half Thunderbolt, Harry Burkhart." The other sent as a reply to the first, in words as follows: "Harry Burk-

hart, Peru, Indiana, have entered 175 barrels I. H. $12.45 and 175 barrels Thunderbolt $11.85. Cotton halves shipment within sixty days. Ismert-Hincke Milling Co." Appellant contends that the last telegram is an acceptance of an offer contained in the first, and that the two telegrams taken together constitute the contract for the breach of which this suit is brought. If appellant's contention is right, a new trial should have been granted, but if not, as appellee contends, the court did not err in its ruling.

It is well settled that a valid contract can be made by correspondence whether by mail or telegrams, provided such correspondence contains a specific offer which is unconditionally accepted. *Corydon Milling Co.* v. *Noblesville Milling Co.* (1919), 69 Ind. App. 491, 122 N. E. 362. The question to be determined is as to whether the telegrams constituted such an offer and final acceptance. We hold that it did not. Additional terms for negotiation were suggested by appellant's telegram, the price, the containers, and the time. These were for appellee's acceptance or rejection. That appellant did not consider the telegrams within themselves as constituting a contract that was final is evidenced by the fact that it thereafter sent a written contract to appellee to execute. It is true that appellant says that this was but to confirm the telegraphic contract, and produced some evidence to that effect, but it seems that the trial court believed that a contract with terms and stipulations covering thirteen pages of the record must have been intended to accomplish more than merely to confirm the contract of a few words by wire.

Judgment affirmed.